# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEVEN DAVID RUDOLPH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:22-CV-491 PLC |
| ) | |
| JEFFERSON COUNTY JAIL / SHERIFF ) | |
| DEPT and BRENDA SHORT, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Steven David Rudolph brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the pleadings, the Court will dismiss this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Pretrial-detainee Plaintiff submitted a motion to proceed in the district court without prepaying fees or costs. ECF Nos. 1 at 2 & 2. Although the form motion states that an inmate must submit a certified prison account statement, Plaintiff has not done so. In his affidavit, however, he states that he has no job, no income, no assets, and no money in his prison account. Based on the financial information Plaintiff has submitted, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim

for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## Plaintiff's Pleadings

### A. The Complaint

Plaintiff is a pretrial detainee at the Jefferson County Jail in Hillsboro, Missouri. ECF No. 1 at 2. He brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against the "Jefferson County Jail/Sheriff Dept" and the Jefferson County Jail Administrator, Brenda Short. *Id.* at 1-3. Plaintiff names both defendants in their official capacities only. *Id.* at 2-3.

Plaintiff alleges that defendants have been deliberately indifferent to his medical needs as relates to a tooth infection. *Id.* at 4. According to the complaint, Plaintiff's toothache began on March 18, 2022.[1] *Id.* at 5. The pain spread from his mouth to his head. On an unspecified date, Plaintiff filed "an electronic kite to medical" complaining about a "tooth infection, severe pain and a nerve ending being exposed." Plaintiff was prescribed a 14-day antibiotic. However, he states

---

[1] The Court notes that Plaintiff states in a later-filed supplement that his tooth pain "started exactly on March-15-2022." ECF No. 7 at 9.

that the antibiotic was "ineffective" and that he was provided nothing for the pain. When Plaintiff filed a second kite requesting pain medicine, defendant Jail Administrator Short directed him to purchase pain medicine from the Jail canteen. Plaintiff states that his Jail account had a negative balance due to medical charges. Plaintiff was also "informed" that he "would be forced to wait an entire month" to see a dentist. This resulted in Plaintiff filing "multiple kites ... begging for relief." *Id.* at 4.

Plaintiff describes himself as indigent and he argues that the Constitution's "Due Process protections" and "Common Law" require that the State is "obligated to provide medical care." When Plaintiff made this same argument to Short, he was told that the "statute states otherwise." *Id.* at 4. Plaintiff alleges that Short "refuse[d] to provide adequate medical care" and that he was told to purchase his own pain medications. *Id.* at 5. Plaintiff asserts that this constitutes deliberate indifference to his pain and suffering. *Id.* at 4.

Plaintiff states that his injuries include: a month of "severe and unnecessary pain and suffering per toothache," a swollen face, spread of the infection, severe headaches, trouble sleeping, difficulty eating, being "bed ridden," exhaustion, and an exposed nerve. *Id.* at 5-6. According to Plaintiff's complaint signed April 21, 2022, he has not been "provided any pain meds nor a dentist." *Id.* at 6, 13. For relief, Plaintiff seeks monetary damages and changes to medical procedure "for future inmates," including "free medical and dental," and a dentist available immediately upon request. *Id.* at 10.

Plaintiff attached multiple Jail documents to his complaint.[2] ECF No. 1-4. On March 4, 2022, Plaintiff filed a 'Resident Request Report' accusing the Jail of "stealing" his money when they charged him for the cost of his medications. *Id.* at 1. According to Short's response to

---

[2] The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

Plaintiff's Report, when Plaintiff arrived at the Jail, he was taking a medication that was not safe to abruptly discontinue. As a result, the medication was ordered for Plaintiff and the cost was charged to Plaintiff's Jail account. Defendant Short also informed Plaintiff of the necessary steps to take if he wanted to discontinue the medication. There was no mention of any dental problems in this Report. *Id.*

On March 16, Plaintiff received an 'Inmate Memo' from Short stating: "Charges remain[.] You saw the D + received meds." *Id.* at 7. It is unclear from this filing who Plaintiff saw and what medications he received.

In early April, Plaintiff filed a 'Prisoner Request/Grievance Form' complaining that he "should not have to pay for medical charges" based on the U.S. Constitution. *Id.* at 5. Plaintiff requested his money back and threatened legal action. The unsigned response to Plaintiff's request explains that the "U.S. Constitution does not say you get free medical in jail just because you get it out of jail." *Id.* The response went on to explain that there is a statute in Missouri that says that pretrial detainees are responsible for all their medical costs. *Id.* at 6. Around this same time, Plaintiff received an 'Inmate Memo' from Short explaining that he had been charged for the cost of an antibiotic. *Id.* at 9.

The only grievance document attached to the complaint which mentions a tooth problem is dated April 22. *Id.* at 3. In this grievance, Plaintiff states that his "tooth pain is growing worse." Plaintiff requests pain medication, explains that his jail account has a negative balance, and argues that the Jail must "provide free and adequate dental and medical care." The unsigned response to the grievance explained that the dentist only comes to the Jail once a month and that Plaintiff missed the dentist's April visit. It also reiterated that Plaintiff is responsible for the costs of his medical care as a pretrial detainee. *Id.*

### B. Supplements to the Complaint

On May 18, 2022, the Court received a supplement from Plaintiff containing "more evidence" and "information for this case." ECF No. 7 at 1-2. Plaintiff included a copy of a grievance filed May 6 about severe tooth pain and a broken tooth. *Id.* at 4. Plaintiff complained in the grievance that two courses of antibiotics had not helped and that he had been told that he "had to buy [his] own pain meds." Plaintiff stated that his account balance was negative and asked if he could just be charged by medical for "30 or 60 days worth of pain meds." The unsigned response stated: "You did not put yourself on the list to see the Dentist!" *Id.*

Two days later, Plaintiff filed another grievance complaining about a cell search that occurred that day (May 8). *Id.* at 10. Plaintiff alleged that many of his belonging had been confiscated in the search, including six packs of Tylenol and six packs of aspirin, and that he wanted the items back. The unsigned response stated that only contraband items had been taken in the search, including items not in their original packaging. On the following day, Plaintiff filed a 'Resident Request,' alleging that his purchased pain medications had been confiscated out of retaliation by Brenda Short. *Id.* at 11. In response, Short denied any acts of retaliation and stated that she had acted on Plaintiff's behalf when she put him on the list to see the dentist after Plaintiff failed to do so. *Id.* According to an included patient medical sheet, Plaintiff did receive dental services on May, 9, 2022. *Id.* at 8.

In a letter dated May 11, Plaintiff again states that he "bought Tylenol and aspirin off of canteen," but he alleges that his cell was searched and "the pain meds" that he bought for tooth pain were taken "as a form of retaliation from Brenda Short." *Id.* at 2-3.

### Discussion

After careful review and liberal construction of the allegations of Plaintiff's pleadings, the Court finds that this case must be dismissed for failure to state a claim upon which relief may be

- 6 -

granted under 28 U.S.C. § 1915(e)(2)(B). Defendant Jefferson County Jail and/or Jefferson County Sheriff's Department are not suable entities under 42 U.S.C. § 1983. Furthermore, Plaintiff names defendant Jail Administrator Brenda Short in her official capacity only, but Plaintiff fails to plead any constitutional violation based on an official policy, custom, or deliberately indifferent failure to train or supervise by Short's employer, Jefferson County. Regardless, even if Plaintiff had named Short in her individual capacity, his allegations fail to state a valid claim for relief. As Plaintiff has been repeatedly informed, the Constitution does not require that he receive free medications as a pretrial detainee. Finally, Plaintiff's allegations against Short of deliberately indifferent medical care and retaliation fail to allege sufficient facts to state a claim upon which relief may be granted.

### A. Defendant Jefferson County Jail and/or Sheriff's Department

Plaintiff's claims against defendant Jefferson County Jail and/or Jefferson County Sheriff's Department are subject to dismissal because jails, local government detention centers, and sheriff's departments are not suable entities under 42 U.S.C. § 1983. *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (affirming dismissal of § 1983 claim because "county jails are not legal entities amenable to suit."); *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (holding that neither county jail nor sheriff's department is a suable entity under § 1983); *see also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (holding that departments or subdivisions of local government are "not juridical entities suable as such" under § 1983).

According to the Eighth Circuit, "pro se status does not excuse [a plaintiff's] failure to name the proper parties." *Jackson v. Mo. Bd. of Prob. & Parole*, 306 F. App'x 333, 333 (8th Cir. 2009). As such, Plaintiff fails to state a valid § 1983 claim as to defendant Jefferson County Jail and/or Sheriff's Department and therefore, this defendant must be dismissed.

**B. Defendant Brenda Short**

*1. Official-Capacity Claims*

Plaintiff brings suit against defendant Jail Administrator Brenda Short in her official capacity only. ECF No. 1 at 3. However, a suit brought against a state official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, an official-capacity suit generally represents a "way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In other words, the real party in interest in an official-capacity suit is not the named official, but the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Plaintiff's official-capacity claim against Short must be treated as a claim against the governmental entity which employs her – Jefferson County. In *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), the Supreme Court held that a municipality or local governing body can be directly liable under § 1983. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *see also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

In this case, Plaintiff does not allege a valid claim of a constitutional violation by Jefferson County resulting from any policy, custom, or deliberately indifferent failure to train or supervise.[3]

---

[3] To the extent that Plaintiff's claims could be construed as alleging that Jefferson County has an unconstitutional policy of charging inmates for the cost of medical care, as discussed later in this Order, it is permissible under the Constitution and Missouri state law for a detention center to charge a detainee for medical costs. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 245 (1983); Mo. Rev. Stat. § 221.120.

For this reason, Plaintiff's official-capacity claim against Short, an employee of Jefferson County, fails to state a claim for relief and must be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### 2. *Other Liberally Construed Claims*

The Court notes that even if Plaintiff had brought this suit against Short in her individual capacity as well, his claims would still be subject to dismissal. Plaintiff has no constitutional right to have his medical care paid for by the Jail, he has not sufficiently plead facts to support a claim of deliberately indifferent medical care in relation to his tooth infection, and his allegations of retaliation by Short are conclusory.

When evaluating the constitutionality of pretrial-detainee conditions, "the proper inquiry is whether those conditions amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Id.* The Fourteenth Amendment's Due Process Clause is used to evaluate pretrial detainee's claims of deliberate indifference, whereas the Eighth Amendment is used to evaluate claims of convicted prisoners. *See Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell*, 441 U.S. at 535 n.16). However, this distinction "makes little difference as a practical matter," because the same standard is applied. *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007) ("Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment."); *see also Vaughn v. Greene County*, 438 F.3d 845, 850 (8th Cir. 2006) ("Although this court has yet to establish a clear standard [for medical mistreatment] for pretrial detainees, we repeatedly have applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates."); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (applying the Eighth Amendment deliberate indifference analysis to a pretrial detainee's Fourteenth Amendment claim).

The Eighth Amendment prohibits cruel and unusual punishment, and limits conditions of confinement. *Robinson v. California*, 370 U.S. 660 (1962); *Rhodes v. Chapman*, 452 U.S. 337 (1981). The Supreme Court has explained this limit as a prohibition on punishments that "involve the unnecessary and wanton infliction of pain" including those that are "totally without penological justification." *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976)). In addition, prison officials are required to ensure that inmates receive adequate clothing, food, shelter, and medical care. *Simmons v. Cook*, 154 F.3d 805, 807 (8th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

However, although "the injured detainee's constitutional right is to receive the needed medical treatment," he has no right to have it paid for. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 245 (1983). It is constitutionally permissible for a detention center to charge a detainee the cost of medical care. *Id.* ("[A]s long as the governmental entity ensures that the medical care needed is in fact provided, the Constitution does not dictate how the cost of that care should be allocated as between the entity and the provider of the care. That is a matter of state law.").

As mentioned by defendant Short in her responses to Plaintiff's grievances, Missouri statute states that the costs of medical care for prisoners, including dental care, are the responsibility of the prisoner. Mo. Rev. Stat. § 221.120.1.[4] Thus, while jails must provide basic medical care to inmates, there is no requirement that the jails provide the medical care for free. *See e.g., Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3rd Cir. 1997) (deliberate-indifference standard does not guarantee prisoners right to be entirely free from cost considerations that figure

---

[4] Missouri Revised Statute 220.120.1 states as follows: "If any prisoner confined in the county jail is sick and in the judgment of the jailer, requires the attention of a physician, dental care, or medicine, the jailer shall procure the necessary medicine, dental care or medical attention necessary or proper to maintain the health of the prisoner. The costs of such medicine, dental care, or medical attention shall be paid by the prisoner through any health insurance policy ... from which the prisoner is eligible to receive benefits. If the prisoner is not eligible for such health insurance benefits then the prisoner shall be liable for the payment of such medical attention, dental care, or medicine, and the assets of such prisoner may be subject to levy and execution under court order to satisfy such expenses...."

in medical-care decisions made by most non-prisoners in society). Therefore, to the extent that Plaintiff is alleging deliberate indifference to his medical needs based on the Jail (and defendant Short) refusing to pay the costs of such needs, his claim fails. *See also Holloway v. Magness*, 666 F.3d 1076, 1080 (8th Cir. 2012) ("The Constitution does not prohibit charging prisoners for essential prison services, at least in the absence of a showing that the result is a severe deprivation of a fundamental right.").

Furthermore, to prevail on an Eighth Amendment claim of deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and deliberately disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997) (internal quotations and citation omitted). A jail official's intentional denial of, or delayed access to, medical care for a prisoner's serious injury constitutes unnecessary and wanton infliction of pain, giving rise to a claim of deliberate indifference to that prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

In this case, Plaintiff alleges that his tooth pain began in mid-March. ECF Nos. 1 at 5 & 7 at 9. It is not clear from the record when Plaintiff first complained to Short about a tooth problem or sought medical care for one. Based on the documents included by Plaintiff, the first mention of a tooth problem is in a grievance dated April 22. ECF No. 1-4 at 3. However, in this grievance Plaintiff mentions that his tooth pain "is growing worse," which suggests that it was not his first complaint on the matter. In addition, documents suggest that Plaintiff started an antibiotic for possible tooth infection by early April. *Id.* at 9. By May 6, Plaintiff had completed two courses of an antibiotic and sometime before May 8, Plaintiff had purchased pain medications from the

Jail canteen. ECF No. 7 at 4, 10. Plaintiff saw a dentist on May 9. *Id.* at 8. Therefore, it appears that there was at most seven weeks between when Plaintiff's tooth pain first began and when he saw a dentist.

Assuming without deciding that Plaintiff's tooth problem constitutes a serious medical need, the facts asserted do not suggest that this need was deliberately disregarded by defendant Short. In a seven-week period, Plaintiff received two courses of antibiotics for possible tooth infection and he saw a dentist. Plaintiff's complaints of infection and tooth pain were not ignored. Not only did defendant Short not disregard Plaintiff's dental needs, but she actually added him to the list of inmates to see the dentist, after Plaintiff failed to do so. ECF No. 7 at 11. Finally, Plaintiff does not allege, nor does any evidence suggest, that his dental health has been adversely affected by any delay in treatment. *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) ("[a] prisoner alleging a delay in treatment must present verifying medical evidence that . . . [the] delays adversely affected his prognosis."); *see also Johnson v. Leonard*, 929 F.3d 569, 576 (8th Cir. 2019) (finding complaints of tooth pain were not ignored and discussing how "[m]any cases finding deliberate indifference due to a delay in dental care involve almost a complete lack of treatment leading to an infection or worsening condition."). For all of these reasons, Plaintiff fails to state a claim of deliberately indifferent medical care against defendant Jail Administrator Brenda Short.

Finally, Plaintiff's claim of retaliation by Short also fails. Plaintiff alleges that items were taken from him during a search "as retaliation [by] Brenda Short." ECF No. 7 at 11. However, based on Plaintiff's assertions, Short did not even participate in the search which resulted in confiscation of his items. Further, Plaintiff does not specify what Short was allegedly retaliating against him for. Presumably, Plaintiff is suggesting that Short acted in retaliation for the grievances Plaintiff filed with the Jail.

To state a claim for First Amendment retaliation, a plaintiff must assert that: (1) he engaged in a protected activity, (2) defendants took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity. *Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020) (internal citation omitted). In this case, Plaintiff alleges that an ordinary cell search for contraband (not conducted by Short) was motivated by Plaintiff's filing of Jail grievances. This is conclusory and Plaintiff provides no facts in support. Furthermore, there is no evidence that such a search would chill a person of ordinary firmness from continuing to file grievances – especially in this case, where Plaintiff filed three more grievances after the search and also filed a supplement in this § 1983 action. ECF No. 7 at 2-3, 10-12; *see also Gonzalez*, 971 F.3d at 745 (where the appellate court considered Plaintiff's "actions in response" to defendant's alleged retaliation "as evidence of what a person of ordinary firmness would have done."). Plaintiff's conclusory allegations of retaliation fail to state a claim upon which relief may be granted.

### Conclusion

The Court finds that Plaintiff has met the financial requirements to proceed *in forma pauperis*, or without prepayment of costs and fees in this matter. However, because Plaintiff is proceeding *in forma pauperis*, the Court must review his pleadings for frivolity, maliciousness, and failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). Based on such a review, the Court finds that Plaintiff's claims against defendants Jefferson County Jail/Sheriff Dept and Brenda Short must be dismissed. As such, Plaintiff's motion for appointment of counsel will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendants Jefferson County Jail/Sheriff Dept and Brenda Short because the complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendants Jefferson County Jail/Sheriff Dept and Brenda Short are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 3rd day of August, 2022.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE